Frank MOSELEY, Philip J. Adams, Garry Lee Griffin, Sam A. Gibson, and Timothy Taylor, and all other persons detained or who will be detained in a pretrial status at the Alaska State Correctional Center Annex, 625 "C" Street, Anchorage, Alaska, Appellants,

v.

Helen BEIRNE, Commissioner of the Department of Health and Social Services; William Huston, Acting Director of Division of Corrections, Department of Health and Social Services; Charles G. Moses, Superintendent of the Alaska State Correctional Annex at 625 "C" Street, Anchorage, Alaska; Stephen Wanaka, Acting Associate Superintendent of the Alaska State Correctional Annex at 625 "C" Street, Anchorage, Alaska, and all of their agents and employees, Appellees.

No. 4717.

Supreme Court of Alaska.

April 17, 1981.

Timothy H. Stearns, Anchorage, for appellants.

Michael Arruda, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C. J., CONNOR, BURKE, and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

PER CURIAM.

Timothy Stearns acted as co-counsel in a class action brought by prisoners at the 6th Avenue jail in Anchorage seeking to vindicate certain of their civil rights under 42 U.S.C. § 1983. The plaintiffs prevailed, after a six day trial. Stearns sought attorney's fees under 42 U.S.C. § 1988 [1] of $20,-189.00 and the other attorney for the intiffs, Ms. MacNeille of Alaska Legal Serv-

---

1. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of Amer-

ica, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

ices, requested an award of $34,125.00. The court awarded Alaska Legal Services $12,975.00 and Mr. Stearns $7,266.00. Mr. Stearns has appealed the award so far as it applies to him.

 Full attorney's fees are the norm under 42 U.S.C. § 1988. However, such fees must be reasonable. *Ferdinand v. City of Fairbanks*, 599 P.2d 122, 126 n.12 (Alaska 1979). Here the trial judge concluded that the reasonable full fee to Stearns was $7,266.00. The trial judge was obviously in a better position than we are to assess the value and efficiency of Mr. Stearns' work, and we are unable to say that he abused his discretion in reaching the decision that he did.

AFFIRMED.

DIMOND, Senior Justice, joined by RABINOWITZ, C. J., dissents.

DIMOND, Senior Justice, joined by RABINOWITZ, Chief Justice, dissenting.

The dispute in this appeal is with the trial judge's determination of the number of hours for which Timothy Stearns should be compensated. I conclude that the trial judge abused his discretion by failing to consider Stearns' time reasonably spent on the case separately from Margie MacNeille's.

Trial judges have narrow discretion in computing attorney's fees under 42 U.S.C. § 1988. "[C]ounsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee paying client, 'for all time reasonably expended on the matter.'" *Ferdinand v. City of Fairbanks*, 599 P.2d 122, 125 n.9 (Alaska 1979). The statute does not require an award for the full amount of fees claimed. However, in order to accomplish the purpose of the statute,[1] reasonable fees should be paid. 599 P.2d at 126 n.12.

The trial judge reached his determination of "time reasonably expended" for both at-

torneys by first taking MacNeille's time sheets, submitted in her affidavit, and categorizing the work described therein. He then went through each category of work and decided how much time she should reasonably have spent to achieve the result obtained in the case. In some categories, such as in-court proceedings, she was credited with the full time she had claimed on her time sheet. In other categories, the time credited was either reduced substantially from the amount she had claimed or, in some instances, completely eliminated. The judge applied an hourly rate of $75.00 to his determination of the time reasonably spent, and reached a fee for the work of Alaska Legal Services of $12,975.00.

The judge then determined that the hours Stearns claimed amounted to fifty-six per cent of MacNeille's claimed hours. Without further consideration of Stearns' affidavit detailing his time spent on the case, the judge gave Stearns an award equaling fifty-six per cent of the amount awarded MacNeille. This method was apparently based on his determination that "the disparity between Ms. MacNeille's hours and Mr. Stearns' hours is in part the result of an allocation of responsibility between them, and not indicative that Mr. Stearns is substantially more efficient than Ms. MacNeille."

I believe that this approach is an abuse of the trial court's discretion. Federal cases[2] generally require the trial judge to articulate reasons for the rejection of hours claimed by an attorney. This approach is reflected in the opinion of the court in *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), which stated:

> We conclude that a fee calculated in terms of hours of service provided is the fairest and most manageable approach. The district court should indicate on the record the number of hours it finds the

---

1. A primary purpose of § 1988 is to encourage private individuals to bring civil rights and public interest litigation. *Tobeluk v. Lind*, 589 P.2d 873, 879 (Alaska 1979).

2. "[F]ederal guidelines apply in ascertaining an appropriate fee award under 42 U.S.C. § 1988." *Ferdinand v. City of Fairbanks*, 599 P.2d 122, 125 (Alaska 1979).

plaintiffs' attorneys have expended on the case. This finding must first take into account the affidavits of counsel. The hours claimed need not be automatically accepted by the district court, but to the extent that hours are rejected, the court must indicate some reason for its action, so that we may determine whether the court properly exercised its discretion or made an error of law in its conclusion. Hours may be cut for duplication, padding or frivolous claims.

Without this articulation of reasons, the lower court determination is effectively unreviewable and constitutes an abuse of discretion.[3] Given the method the trial judge used to determine MacNeille's hours, his statement that the disparity between MacNeille's and Stearns' hours reflects an allocation of responsibility is not a sufficient articulation of his reasons for the reduction in Stearns' hours.

MacNeille's hours were computed by dividing her time spent into categories, and separately deciding a reasonable time for *each* category. As noted above, some categories were reduced substantially more than others. Applying an across-the-board reduction of Stearns' fee based on a percentage of MacNeille's total fee fails to take *into account* the actual allocation of responsibility between the two attorneys which is reflected in the affidavits they filed. The affidavits reveal that allocation of responsibility between the two attorneys was not uniform, but differed from task to task. For instance, MacNeille claimed eighty-two hours for research, while Stearns claimed only thirty-seven. But Stearns claimed 49.7 hours for drafting documents compared to only 20.5 for Mac-Neille. Because the allocation·of responsibility between Stearns and MacNeille differed from category to category, Stearns' time reasonably spent would not be accurately reflected in a fee award which was calculated simply by reducing the sum awarded MacNeille by the ratio between the total

hours claimed by Stearns and the total hours claimed by MacNeille.

The state correctly points out that the trial judge did go through a list of factors to be considered under *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), and commented about each attorney's performance in relation to those factors. However, he then applied his evaluation of those factors only to MacNeille's claimed hours. He failed to apply the factors to Stearns' claim for time spent, and thus failed to provide any articulable reasons for the reduction in Stearns' fee.

On this basis I would vacate the award and remand the case to the trial court for a redetermination of Stearns' fee.

---

3. *See* Berger, *Court Awarded Attorneys' Fees: What is "Reasonable"?*, 126 U.Pa.L.Rev. 281, 285 and cases cited at 285 n.17 (1977).